Good morning, Your Honor. Steve Hubachek, Federal Defenders, on behalf of Mr. Aguila-Montes De Oca. Your Honors, Aguila-Montes De Oca involves the Estrada Espinosa Navarro-Lopez issue. Those cases correctly interpret the Taylor case. That case is limited to those facts that are actually required to be found by a jury, i.e. elements. That analysis was confirmed last year in Mijuan, that said that determining which statutory phrase contained within a statutory provision that covers several different generic crimes covered by a prior conviction is the function of that modified analysis. Subsequently, three different circuits, the 4th, 7th, and 8th, have all agreed with that analysis. The modified categorical approach applies to divisible statutes. This statute is not divisible as to the entry element. However, you don't need to reach those issues in this case because under any analysis, there is no showing here that a Taylor-type entry, an entry that's unprivileged or unlicensed, was part of Mr. Aguila-Montes De Oca's prior conviction. Why shouldn't we reach the issue? I'm sorry, Your Honor? Isn't it time to put this all to rest finally? Your Honors, the judges, I mean, you can decide it whatever way you wish. But I think that no matter how the Navarro-Lopez Estrada Espinosa – I think you can probably assume that we're going to deal with this issue one way or the other. Very well. Thank you, Your Honor. I mean, I can't speak for my colleagues, but I think it's a fair guess. All right. All right. The reason that I believe that the Estrada Espinosa-Navarro-Lopez analysis is correct is that the Supreme Court itself said that it was limited to those facts that are actually required to be found. Only elements are actually required to be found by a judge. Can I ask you about Nishuon? Nishuon went off on a distinction between elements and circumstances. Correct. And just so we're both on the same page, we had a federal statute that said – involved fraud, I believe, right? And it had to be over $1,000 or $10,000. Some figure with a lot of zeros after it. And the court said the elements, but the dollar figure is not an element. It's a circumstance. And if I were to generalize from that and accept your analysis, which I find persuasive, how do I, in the next case, tell the difference between an element and a circumstance? Well, Nishuon went through a careful statutory analysis. It determined whether or not the Congress intended for a categorical approach or a circumstance-specific approach as to that specific provision. It's 1101-843-M-1. And it had language setting out a fraud offense. And then it said in which the loss was $10,000 or more. And the Supreme Court determined that that in which language was suggestive of the circumstance-specific approach. It also did an analysis that went through whether or not there were federal crimes that hadn't. Would the analogy be – just so I understand, would it say, for example, car theft where the car is blue or vehicle theft where the car weighs more than two tons? Would that be an analogous – I mean, I guess it would not do it for a blue car. But it might well do it, have a different consequence if the vehicle you steal is over a certain size, right? It might. But there was also the added component that the Supreme Court surveyed the statutes and found that there were very few statutes that had a $10,000 element. And so that further suggested that a non-tailor approach was appropriate. I don't know that there are a lot of statutes that have the two-ton car. Also, wouldn't there be – wouldn't it depend on what it was being used for, whether you could have that approach without having to go to the jury and determine it? In other words, that was an immigration case. This is a guidelines case, so it might be okay. But if it were a case where it went to the statutory maximum, for example, while the categorical approach applies across the board, if you determine that you needed a circumstantial approach in some circumstances, you'd have to go to the jury. I think the fact that the statute has criminal applications would be a substantial basis for interpreting it not to be a circumstance-specific offense. Now, the offense that we're talking about here, burglary, and that is traditionally a categorical offense set forth in Taylor. The only modifier here we have is burglary of a dwelling, and a dwelling is a traditional element-type fact in burglary. Well, let's look at the whole record that we have in front of us with the charging document and what happened at the time that the appellant here entered the plea. Did Mr. Aguilamontes offer anything in the district court to suggest that the 1988 plea to a state burglary conviction was inadvertent, unknowing, or the product of ineffective assistance of counsel? Is there anything? No, Your Honor. There is no allegation that there was ineffective assistance of counsel. The reason we think that plea doesn't qualify is that no California case has ever held that the language willfully and unlawfully entered means the same thing as a Taylor entry, i.e., an entry without consent or without permission. And, in fact, the Frye case from the California Supreme Court holds that that is not an element of a California burglary. And what's more, I've supplied this Court with the information that was filed in Frye. The information in Frye has the exact same language as Mr. Aguilamontes de Oca was charged under. And the California Supreme Court in that case, that very case, held that that was not an element. What if we applied the modified categorical approach? Well, I don't think that you should. But if you did, there still wouldn't be any basis for enhancing Mr. Aguilamontes de Oca because there's no authority from the California courts saying that the information in his case charged a Taylor-type entry. California doesn't have a requirement that the entry be unprivileged or unconsented. The only two exceptions to liability are if you're the person who owns the house and or if you're entering with the consent of the owner who knows of your criminal activity. Those are the only two exceptions to just the there's no entry. But if we applied the modified categorical approach and disregarded Navarro-Lopez for a moment, what would be the outcome? The outcome would be that Mr. Aguilamontes de Oca would prevail because there's nothing in this record to show that this information was intended to charge a Taylor-type entry. And there's further no evidence that Mr. Aguilamontes de Oca admitted a Taylor-type entry. Because that that if that even if that allegation did mean a Taylor-type entry, it would be nothing more than surplusage in a California information. There's no basis on this. But it isn't. Unlawful carries some, does some work in the charging. He admitted that the entry was unlawful. And under California law, doesn't that connote an entry that was unauthorized? No, Your Honor. At most it would connote an entry into a house in which you did not have an unconditional possessory interest or Yes. Or that it was a facility or that the person who let you in did not know of your criminal intent. That's all that it would mean. It would not mean that you entered without permission. So, for example, there are California cases, and I think we have had one, in which somebody was convicted of burglary who went into a public store with an intent to pass a bad check. And that person could be alleged to be unlawful in California in the sense that you're talking about, but it was clearly not a trespass of any kind or a foreign consultant. That's correct. The California statute does apply to shoplifts. In fact, the government cited the Painter case, which is a case where it's from the Eighth Circuit, which appears that the guy went into like a hardware store with intent to commit a fraud. And he said, look, I entered with permission. It was open for business. And the Eighth Circuit affirmed in that case, relying upon this willfully and unlawfully language, without ever citing a California case that said that that meant anything along those lines. Judge Smith's dissenting opinion in Snellenberger cited the People v. Solem case, which is a case where the people went inside the home with the intent to sell some fraudulent stocks. They had full permission to go inside the home to sell the stocks, but that was nonetheless a burglary in California because there is no requirement ever that there be an unprivileged, non-consensual entry. So what happens if you are in state court and you're a trial and the government puts on its case and at the end of the government's case, the defendant says, I am moving for, I don't know what they call it in California, a directive verdict or whatever it's called. I'm a federal guy too. Okay. But there is such a mechanism in California for the defense at the end of the case to say that the state arrested and they forgot to prove an element of the crime. And here they did not put in any evidence of unlawful entry. What happens in California in your reading of the California cases? At that point, does the defendant get an acquittal? No, no. In fact, that's exactly the rule of People v. Fry. The judge would say whether or not you entered with or without permission doesn't matter. That motion is denied. Same thing if someone was pleading guilty and they said to the judge, well, I entered, but I had the permission of the owner. The judge wouldn't care. Under People v. Fry, that's not an element. If you look at the California pattern jury instructions, CalCrim 1700, it is not an element that the entry be without permission. However, Counselor, if I could, it seems to me that the whole of this, if you will, analysis, is to try to avoid the vagaries of the state criminal codes and, in fact, to eliminate, if you will, that those vagaries of how the states put the exact criminal code determine whether they are eligible for enhancements or not. So if, in fact, that's the end result of what we're trying to do, isn't it certain that if we come to a we're trying now to match the state statute with the generic and we don't find it exactly matching, isn't it appropriate for us then to suggest, as did Taylor and Shepard, that we then don't limit our inquiry but go to the modified categorical approach to determine if there are appropriate records beneath which would, in fact, suggest that the generic has been met. And if those records suggest the generic has been met, then the enhancement would be applied. That's absolutely right. That's exactly where we're supposed to go. So in this particular situation, if the California statute doesn't exactly say what the generic does, then it would seem to me, based on Taylor and Shepard, we would go then to the modified categorical approach and go to the actual what happened at the courthouse. What is the complaint? What is the information? What happened? What did they plead to? If all of the elements of the generic are in the plea or all the elements of the generic are in the finding by the jury, regardless of what California does with its vagaries, what does that matter? Your Honor, you had me up to in this situation. And the reason that I disagree with Your Honor after that is, is that the modern ---- You agreed up to the point where? That's right until you got to my case. Oh, I see. That would be it. But I have a serious reason for that. Well, I agree. Is that California ---- The Burglar's Statute actually well illustrates my point. It says just entry. And then it goes on and it says things like enters into a structure, a home, a building, an outhouse, a car, whatever. And the analysis that Your Honor is talking about applies to divisible statutes. And the California Burglar's Statute is divisible as to that list of things that you can enter. And so I would agree with you that we would go to a modified categorical approach in that instance. But it's not divisible as to the entry requirement. There is no list of different ways in which you can enter. But have we ever ---- No. See, I would understand your argument more to be that if the statute could include more or could include conduct that doesn't fit the generic, then we go to the modified categorical. But the Navarro-Lopez missing element approach, if there's a missing element, which you say there is here in the California statute, then you stop there. Right. That's what I'm understanding. Where there's a missing element, you don't go to the modified categorical approach. But Navarro-Lopez is consistent with the divisible statute approach. And that's one of the things that ---- Where do you get the divisible statute approach in Taylor? Because Taylor explicitly talks about this situation, that it's a statute. It talks about a statute that has a place like, you know, a coke machine that isn't within ---- that's broader than the generic. And it also talks about a statute like this which doesn't provide for unlawful or unprivileged entry. So aren't you reading that part of Taylor out? No, Your Honor. The part of Taylor that talks about the modified categorical approach doesn't say anything about a statute that doesn't require an unlawful entry. It mentions the ---- Of course not. But its opinion, the opinion, sets that up as the problem. That is, the problem where the place is too broad and a problem where the statute And this is an element like unlawful entry. It explicitly mentions that. Then it goes on to solve its set-up problem by saying you look first categorical and second modified categorical. Right. And the modified categorical approach applies only to divisible statutes. Well, how does it say that? The Supreme Court just said that in Mijuan. How did they say it again in Johnson? They said it again in Johnson quite recently. Quite specifically. As specifically as you can say anything. And I'd also like to point out the more recent circuit cases. Boas from the Eighth Circuit, Woods from the Seventh Circuit, Rivers from the Fourth Circuit all say that the categorical, the modified categorical approach is limited to divisible statutes. But isn't the core issue, which really you haven't mentioned, which leads to this conclusion that the Supreme Court's been so clear about recently, that we're looking at what he was convicted of, not what he did. And that's why. So unless you understand that and you haven't said that, nothing flows. It flows because what we're trying to find out is what he was convicted of. And he couldn't be convicted of something that's not an element of grime. Well, that's absolutely right. That's the basis of the Taylor statutory construction remedy. If your theory of the California statute is correct, the California statute is not divisible with respect to entry. So it doesn't matter whether some other parts of it are divisible. This is not a divisible statute. Doesn't that mean, then, that the California burglary statute is categorically not a qualifying crime for enhancement? It is divisible as to the portion of it that lists. Right. But the idea of unlawful entry will never be an element of the California statute, which means that the California burglary statute will categorically not qualify for enhancement under any circumstances. I agree with you that it won't qualify as a burglary under any of these various statutes. But the various schemes have different pressure valves that are released. There are various residual clauses under which such convictions may qualify. And I point out that this is a guideline case. The guidelines set out that you get this enhancement if you have the conviction, which is the same conviction offense distinction that Judge Berzon just mentioned. But the guidelines also say in Application Note 7, if you have a case where under this categorical approach the base offense level  of the defendant is not qualified for enhancement, then the judge has an actual opportunity to depart. And that's an encouraged departure from the Sentencing Commission. It's also true that California can change their statute. Yes. California, certainly they can change their statute. But I think that, you know, that Judge Bidey's point is the guideline could be changed. The guideline can be changed. The statutes can be changed. But I just want to – We are – just – I think the point Judge Bidey's asking is an important one. This is, in your view, the California statute does not qualify, and I think in fair answer to Judge Bidey, cannot qualify as a categorical – as a burglary as the Supreme Court conceived of the concept in Taylor. Correct. Now, if I remember correctly, Taylor was the Supreme Court's shot at trying to guess what Congress meant in these statutes. Congress – there's nothing constitutional about it. Congress could go back and scale back that definition if it chose to. Yes, they certainly could. And so could the sentencing guidelines. Right. And a sentencing – But in fair answer to Judge Bidey, and I don't think you've tried to duck it, but I just want to make sure. As the burglary is defined by Supreme Court in Taylor, California burglary can never qualify. It's categorically excluded. That's correct. I believe that's the question that Judge Bidey asked. I thought I – And the correct and fair answer to that is – you're right, Judge. Yes. But the supplementary answer to that is that there are ways that these sentences can be enhanced. With respect to the sentencing guideline at issue here, there is – if you have a California burglary, you will never get a sentencing enhancement under this guideline. You will not get a section – you will not get a 16-level enhancement. You could get a lower enhancement. And then Application Note 7 to 2L1.2 provides that if a judge feels that the resulting offense level is insufficient, that there can be a departure. And if you look at Guideline Amendment 722, it says that the Sentencing Commission was specifically trying to address this problem, not specifically the burglary problem, but the problems created by the categorical analysis. And it says in that amendment, the amendment addresses the concern that in some cases, the categorical enhancements in subsection B may not adequately reflect the seriousness of a prior offense. But it's also true, just to get all the cards to the table, that the crime of violence definition has other consequences other than this guideline. That's correct, Your Honor. And therefore, that the fact that you can't make a California burglary meet it will have other consequences. It will have other consequences. But exactly – Unless Congress changes that. Unless they change it. But there's also – Or unless the State of California changes it. Unless the State of California changes it. And there's also the residual clauses that occur in these various statutory schemes, which was kind of an issue in Snellenberger. There was the concurring opinion that said that maybe it would come under the residual clause, and the dissent disagreed. That's an open question as well. So it doesn't mean that somebody with a burglary is getting off scot-free by any means. Yeah, we get – Is that true if the charging – Is that true if the charging document and the judgment indicate that the defendant pled guilty to a charge, that he entered an occupied dwelling without consent and without a license to do so? Do you agree in that circumstance that the California can never qualify? I agree that it would not qualify because the lack of consent is not an element, and Taylor is an analysis of what you were convicted of, not what you committed. Can I just change the subject for a moment? There are other issues in this case that go to the conviction, some of which seem worth worrying about. And as a non-bank court, we take the whole case. So how do we proceed now? I mean, we have, in particular, a Confrontation Clause question that is not decided since the Supreme Court has spoken. There's another Supreme Court case now. It's possible that we would decide that there's – that the conviction needs to be overturned or – but that issue hasn't been briefed, at least in years, at least. Right? It has not been briefed since – Was there a petition for rehearing filed on that, this petition of that part of the case? No, Your Honor. It was not. So why should that be before us? Well, as I understand the Court's rules, I think when you hear a case en banc that you hear the whole case. Well, that's true. There was no petition for rehearing in banc with respect to any issue other than the Navarro-Lopez issue. I think that's fair. That was the only issue that was raised in the petition. What exactly would your client and the Federal Public Defender's Office like to see this Court do? If you had your druthers, given the recent Supreme Court decisions construing Taylor and Shepard and so on, how would you – if you were in our spot, how would you do it? What would you find? Well, I think both Estrada-Espinosa and Navarro-Lopez are correct, and that these recent cases only reaffirm that, that the modified categorical approach applies only to a divisible statute. So that's all that Johnson and Chambers add is the divisibility factor from your perspective. It does. For instance, the Eighth Circuit case, Boas, specifically says that nothing in our cases, meaning the Eighth Circuit or the Supreme Court, allows us to decouple the modified categorical approach from the elements. And that's Boas 558, Fed Third at 808. So essentially all you want us to say is that what the Supreme Court said in Nation 1 in Johnson is true. That's correct. Let me ask you a question that I also plan to ask the government. This is – just think about it for a second. Just to make sure I understand the defendant's position. Is it your position, is it the correct position, that whatever we hold as to pleas must also be true as to trials and vice versa? I believe that's – Or is it – Yes, Your Honor. So it is your position that the – I don't want to put words in your mouth at all. I just want to understand what your position is, that by pleading and by signing on to a plea agreement, the defendant can agree, consents to no more than what a jury could have found if the case had gone to trial? That's right. And that any excess – again, if I'm putting words in your mouth, I just want to make sure I understand the position because I've thought about this quite a bit. That any excess in the plea agreement, any details, any additional information in the plea agreement, that nevertheless the defendant agrees to, and even if he says yes, every word in the plea agreement is true, anything that would not – is excess as far as you're concerned, defendant is not bound by for purposes of Taylor, for the categorical approach, we look at the case as if it had been tried and had been jury verdict. Is that your position? It is my position as to a nondivisible statute. The Almazon case, one of Judge Smith's cases – I understand that the case of the divisible statute where it says a house or an outhouse, he can specify it was a house, not an outhouse, or it was a garage, not a dwelling. I understand that, but as to something that is not – But that is something that presumably the jury would find in a trial, right? Right. I would expect that, yes. But at the bottom line, the defense's position is that however you get there, all of the elements of the generic crime must be found or pled to. Circumstances don't make it. You can find them in a divisible statute, but one way or another, they all have to be there, and the problem with the California statute, from your perspective, is that an essential element of burglary is missing, and it can never be replaced, no matter what the defendant says, right? That's correct. Counsel, Judge Gould, I've got a question for you, please. Here's my question. I thought – and I could be wrong, so you could correct me – but I thought that we had precedent that said that when we hear the case in bank, that all the issues in the case are before us. We're just reviewing what the district court decided. And then second, I thought that when I was on this case's three-judge panel earlier, that we reviewed the CNR issue, the Confrontation Clause issue, about the certificate that he hadn't gotten consent or nonrecognition or whatever, and that we followed Cervantes-Flores, which said that wasn't testimonial, but that the Melendez-Diaz case from the Supreme Court now puts that at issue or in question so that there may well be a Confrontation Clause violation with the CNR. So then there'd be a question of harmless error. So although most of the argument is focused on sentencing, I understand that we have to address the liability issue. I don't disagree with anything you just said, Your Honor. I think you correctly recounted what happened in the three-judge panel. And my understanding is that when you take a case on bond, the court takes the whole case. Okay. Well, could you then please, just in a minute or two or a minute, go through the reasons why you think that if there's a Confrontation Clause error with the CNR, that it is not harmless error? Because my recollection is also that in a different case, the government conceded that the CNR was error under Melendez-Diaz and just argued harmless error. Your Honor, I have to confess that I didn't fully prepare for that particular issue. My understanding is that the only real evidence of lack of consent was the CNER, but I can't intelligently address that for you, Your Honor. I apologize. Okay. That's no problem. If that issue is important to the panel, we can ask for a supplemental brief. But the whole argument was that the man came to the place where he was coming to get into the United States to get consent. He didn't ever say he had consent. He came to get consent. So why does the CNR make any difference at all? I guess there could be a consent that he wasn't aware of. So all of the other evidence. Okay. I don't want to question you any more about stuff that you're not prepared to talk about. I apologize. I'd like to reserve the rest of my time. Thank you. We'll hear from the government. Morning. May it please the Court. Mark Rahe for the United States. Is it fair to say you're not a fan of Navarro-Lopez? I'm not a fan, Your Honor. And you were not blown away by the concurrence in Lee? Is that a fair statement? I think that's a fair statement, Your Honor.   I'm going to go back to the question that was raised earlier. The Navarro-Lopez rule, missing element rule, on its face is not an impossible application. But my point -- But you've, again, been telling us why we're not simply bound by what the Supreme Court has said pretty clearly in Nijuan and in Johnson, which seems to exactly embrace Navarro-Lopez rule. Do you disagree that they said it? Do you disagree that it embraces the rule or what? Well, I'll tell you, Your Honor, most of my preparation for this argument was limited to Taylor and Shepard. I am aware of those cases. I don't know. A divisibility analysis is basically- I often wish I could ignore recent Supreme Court cases and rely on the older ones. Oh, no. I'm not- It is an inconvenient fact that we have to write our opinions by taking into account the most recent cases, the Supreme Court. So when you come to oral argument, I think it's probably best to be familiar with those cases. Oh, Your Honor, I'm not running away from them. And I have read them. And I have prepared this argument. So why don't you answer Judge Berzon's question then- Absolutely. --without wasting time on excuse. In the Fifth Circuit, Gonzales-Chirazas, they have already relied on that divisibility approach. What we argued in our brief is that while it's sufficient to show overbreadth is not the only way. And in fact, it's very semantic- I understand that. But the Supreme Court seems to say otherwise. And I want to know why you don't think it's saying that. I'd like you to look at the sentences and say why it doesn't say what it appears to say and what the circuits that have looked at it since have said it says. Well, I'm not disagreeing with anything that it's saying, Your Honor. I'm saying it's not the only issue here. You can show – I don't think it's saying the modified categorical approach is only limited to divisible statutes. In fact, there are some cases where you could have unitary elements. Let's say statutory rape or the age. This Court held in the United States v. Rodriguez-Guzman that the generic age of consent is 16. Some states such as California have 18, and yet that case went on to hold that the modified approach would still be- Well, that's actually a different and harder problem, because when you're dealing with age, it's a continuum. And so if, for example, you have a plea or an indictment that says the person was 14 and that would satisfy the age, but maybe she was really 15, it's more difficult. But just to take what we have here, the initial one says that Taylor, James and Schiff developed the evidentiary list for a very different purpose, namely that of determining which statutory phrase contained within a statutory provision that covers several different generic crimes covered a prior conviction. Then Johnson says that when the law under which the defendant has been convicted contains several statutory phrases that contain different generic crimes, some of which require violent force and some of which do not, the modified categorical approach that we have approved permits the Court to determine which statutory phrase was the basis for the conviction. And you're saying that it – and then it says C. Chambers, Schiff or Taylor. And you seem to be saying that that's – that even though they're saying that there's another set of circumstances in which you can also do it, even though that's what they said? Exactly, Your Honor. In fact, you just described one of them. You called it a continuum, and yet the fact of the matter is courts still would apply a modified approach. And I would submit another one- But that's not what we have here. Well, because it's an element. It's an element. Yeah, but we don't have that here. And Battery would be another one. I know two weeks ago the Supreme Court held in Johnson v. United States. I was just reading you Johnson v. United States. That's what I was reading you. And it's also expressive. Right. And they said that use of force, if it can go to a least offensive touching, would be – is what makes it overbroad, but you can resort to a categorical approach, even though it's not divisible or separated into statutes. Let's go back to something even more basic. Let's go to Taylor, the mother of all these cases. And take 459, which does not contain the unlawful entry portion. Correct. I'm just going to read this little teeny thing. I really would like your answer to this, because I don't understand how you can give one. We therefore hold that an offense constitutes burglary, and in this case it was the Federal statute. If either its statutory definition substantially corresponds to generic burglary or the charging paper and jury instructions actually required the jury to find all of the elements of the generic burglary in order to convict the defendant. Now, under that circumstance, and given the wording of 459, which clearly does not include that one element, how could the defendant in this case possibly be covered either under the categorical or the modified categorical? Because, Your Honor, when the last phrase of that sentence that you read, it says that this actually required the jury to find all the elements of the generic definition. It does not state that those findings also have to be elements of the statute of conviction. Well, how could a jury find something that's not an element? There are. Do they find that the indictment charges that he entered a green house and the jury comes back with guilty? Is that a finding that the house was green? Is this something over which a defense lawyer would bother to put evidence in and say, no, the house was not green, it was blue? Is that the kind of thing that if the government fails to prove the house was sufficiently green that the defendant could get a dismissal for failure of proof? Well, I would, to use the example my opponent talked about, there are cases where the California law is held, if you have an unconditional possessory right to enter or you have the consent of the occupant who knows of your purpose, that's not you can't be convicted. If those are the facts of a given case. But the consent of the occupant is wrong. If you enter with the consent of the occupant but not with the consent of the occupant to commit a crime, you can be convicted in California. The example that he was referring to is the case of People v. Granito. It's consent of the occupant who also knows of your felonious intent. Okay. But otherwise, if you just walk in – I mean, it is true that shoplifting cases and bad check cases are prosecuted routinely in California as burglaries. Is that not true? That is. But that's not the issue. This one here. Even though there is consent to come in, because the defendant enters in as a member of the general public who's invited in and has actual constructive consent, and it would do no good at all for the defendant to stand up and say, I have consent and therefore I deserve an acquittal. Right? Well – I mean, if he got a letter from the owner saying, I consented to having the defendant come in the store, actually sign the affidavit, it would do him no good at all, right? Right. And you know, Your Honor, in this case, we're talking about burglary of a dwelling, though. Those are second-degree burglaries. That's not the issue before this Court. This one's specifically about dwelling. You're talking about something else. You're not addressing the question. The question is whether in a jury trial, whether proof of consent is something that anybody would bother to provide evidence of. And if they don't, what does the jury actually find? How can we say this is something the jury actually determined? Well, I would say it would turn on the circumstance, Your Honor. If it was the kind of cases I was telling Judge Herzon where that kind of consent defense is at issue, the jury would be instructed that they had to find that the defendant didn't have consent. I'm sorry. In what case do you rely on? I'm talking about the one where the ---- No, no. What case? What facility in California? What citation do you give us for that? I could give you Salemi talks about ---- I'm sorry. You're saying that they would have to find that they walked into the store without consent? No. I'm talking about the one, the two examples that my opponent brought up. Because Judge Kassinsky said, when ---- give me an example when a jury would ever be required to find nonconsent as an element. Well, if they raise those affirmative defenses, the State will be bound to prove beyond a reasonable doubt that they didn't have consent. And that could be a case ---- But it's a different consent. It's not the same consent. It's not consent to walk in. It's consent to walk in to commit the crime. It's not the same consent. But here ---- let me try another approach, Your Honor. You say, how can a jury ---- there are facts that juries sometimes are required to find. This Court, in fact, has used the phrase, necessarily admitted, and I would cite the United States v. Martinez Rodriguez context. And that goes exactly to the point of the date of removal. It's well settled in this Court now that in order to get a sentence above the 24-month statutory max, the date of removal has to be alleged, it has to be submitted to the jury, and it has to be proven beyond a reasonable doubt. There were cases in the pipeline before that rule came down where this Court nonetheless upheld an enhanced sentence by saying that if the only evidence in front of the jury was of a removal that postdated the conviction, that the jury necessarily found that fact. It also comes down to collateral estoppel. We can overrule those cases. Why don't you explain to us why those cases were not confused or mistaken? I'm only answering your question. You want to know what that circumstance is. But that's a Federal case that might or might not be right in light of what we hold today, right? My example is that it is correctly decided because it is necessarily found. And the same thing would be in a plea context. If I say I broke into a house because this is a burglary of a dwelling in the middle of the night, broke windows, and you as the trier of fact find me guilty, you haven't heard about any other entry. By finding me guilty of burglary, you necessarily found that I entered without consent in the tailored context. And do I also find that you broke windows? Let's say it turns out that breaking windows gives you a huge enhancement on Federal law because we have such great regard for windows. Is there also a finding that you broke windows? If you plead under oath, I would say there is. Actually, I'm sorry. I'm sorry. I'm sorry. You said there is? Yeah. And you would hold the same thing true if it's a jury case? If the prosecution put in evidence that the defendant entered the building by breaking a window and the jury came back with guilty, you would then say that the jury has found him guilty of breaking windows? And therefore, you can take that as an established fact? It's necessarily found because that was the only evidence in front of him. Why would the defendant dispute that? Why would the defendant put in contrary evidence on the breaking of the windows if it makes no difference to his conviction? Why would he bother distracting the jury with putting on a mini-trial as to whether the window was opened rather than broken? I don't understand. Well, I think, and this may also go, you had asked a question about You answer my question and then we can go on to what you have to ask. I honestly don't know. In every circumstance, Your Honor. But the whole point of our point is Well, let's talk about any circumstance. If it is not an element of the crime. I mean, you do agree with Mr. Hubercheck's answer that we have to have the same rule as to trials and as to plea bargains, yes? I think at a point I do. But I think it's also Well, why don't you talk to me about the point where you don't? Because the courts, look, Taylor I'm sorry. You think there are times when you have a different rule for trials and for plea bargains? Well, I think it may appear that way, but you will have different evidence. Look at I'm asking for the government's position. You are now representing the Attorney General of the United States. As far as the Attorney General is concerned, is it your government's position that there are times when we treat plea bargains different than trials? I think in assessing the evidence in the Taylor prison, there is, Your Honor. Okay. Why don't you explain that? Because look at I would like to, on that point, that because when you take a plea, a lot of times there would be a statement of the basis for the plea. And the defendant would either agree to that or not. And it could be a situation where the prosecutor said, on such and such a date, Mr. So-and-so entered this particular residence, it was an inhabited dwelling, and he entered it without the consent of the owner, so-and-so, and he entered it with the specific intent to commit theft or a felony therein. And they asked him, do you admit those facts as a factual basis for the plea? And he said yes. All right. It would seem to me that that might be a stronger case under the categorical approach as a plea, as opposed to a jury finding of guilty of burglary, which does not require without the consent. Am I wrong? I agree with you. And you're pointing out the reason why. It's just the different dynamics. Somebody can be convicted of that. Well, let's say that somebody was offered a plea agreement of that kind, and he was advised by his lawyer, well, you may as well agree to it because it doesn't matter. There's no reason bickering over the question of whether it was a consented or nonconsented because it doesn't make a witted difference, and we're not going to spend our time on that. Is that an unusual scenario? But, Your Honor, look. What I was trying to explain is that Shepard itself recognizes there will be different levels of proof. When somebody's convicted by a jury, they don't even have to testify. By definition, when you give a plea, and Shepard itself says, you know, page 16 of the opinion, a later court determining the character of an admitted burglary may examine the statutory definition, charging document, written plea agreement, and that's the Supreme Court's language. That wouldn't, by definition, always happen in a jury trial. That's the only reason I said it was a different way. You seem to be liking the Supreme Court language when you like it and ignoring the last two cases which have been, which we started with. Well, and the same could be said of my opponent, Your Honor. As Judge Ryan was pointing out, you know. Well, except that these are the last two cases. But let me ask you one different question. My understanding of at least Federal law is that a guilty plea in Federal court does not omit non-element facts in the indictment. There's a case called United States v. Thomas. Do you know any differently? In other words, if somebody, if there's an indictment that has the blue house in it and somebody pleads to it, he's not pleading to the blue house. Is that right? I'm agreeing with Thomas, yes. And Thomas goes on to say, though, that you can also use an express admission at a plea colloquy. And if the government wants to, it's its burden to get it. And this goes to the point, if you adopt this missing element rule, even if you have the case of United States v. Smith in the unpublished one-sided and Judge Bybee's dissent sand on, which goes to Judge Callahan's point where somebody says under oath, I admit I broke in without consent. That's not the question, though. The question is, was he convicted of doing that? That's what we – it's a very hard line to draw, and we get confused all the time. But conceptually, that's true, is it not, that the question is, what was he convicted of, not what he did? In that case, yes. But I know Your Honor also wanted to draw a distinction between conduct and conviction. And, yes, that statement is often repeated in the Taylor context. But even when you apply the modified categorical approach, you are looking at the conduct for which somebody was convicted. So I don't know if that semantic label can really carry the weight that the Court wants. But – Let me ask you this. You take the position that there could be different trials and plea bargains could be different, right? Based on the levels of proof, yes. Okay. I don't understand it, but I will – that's the position of the United States. I will have to accept that to be the position of the United States. I think it's not a plea at this point. Is there any way in which Navarro-Lopez is not correct as to trials? These are things where you actually have a jury there. The jury is charged, said the guy, you know, whatever the elements are of the crime. And it turns out that part of the proof in the trial also shows willfulness or lack of concern, you know, whatever. Now, do you take the position that Navarro-Lopez is wrong as to trials as well? What? I'm not saying it applies to all trials the same, Your Honor. What we want with the modified categorical approach – No, no, no, no, no, no. If the element is missing, it's not subject to the categorical approach. Okay? That's the rule. It's game over, right? Game over. Okay? So if you think there's any trial where that does not apply, then you disagree with the application of Navarro-Lopez to trials. So let me ask the question again. Well, Mr. Gersh, it's not necessarily so, because I've read a number of the California cases where the instruction that's given at the trial is tailored to what is the issue in that case. So if consent to entry were at issue, the trial court could instruct clearly in accordance with the generic definition, could it not? That is our position, Your Honor, yes. And that's good. But if it did, then you could presume that the jury found in accordance with its instructions, correct? Correct. Why don't you answer my question instead? And my question was, does Navarro-Lopez apply – is that correct as to trials? I mean, if the judge instructs us to this as being an element, as Judge Reimer suggests, then you're outside the Navarro-Lopez rule because the jury was actually required to find that. So the question is, are you taking the position that Navarro-Lopez is wrong as applied to trials? Well, but Your Honor just gave the answer I would have given, which is it turns on the circumstances. And that's why the position we advocate, Navarro-Lopez is right. No, no, no. It does not turn on the circumstances, because if Navarro-Lopez is right, what it says is if there's something the jury was not charged with finding, then you can't prove it up under a categorical approach. So if this is something the jury was not required to find, you can't say you can't prove it up in a Federal proceeding. Do you disagree with that rule? I don't know if I'm understanding, Your Honor, exactly. But my point is, if it shows that there could be different circumstances Well, you better listen. If you don't understand, let me say it one more time and try to get you to understand. What Navarro-Lopez says is if the jury is not asked to find this as an element of the crime, a particular element that's necessary for generic burglary, then it's game over. Okay? Do you disagree with that? Not as a statement of what Navarro-Lopez holds. Excuse me? Not as a statement of what Navarro-Lopez holds. So you agree with that as far as Navarro-Lopez applying to trials? That's what it says, exactly. No, no. I realize that's what it says. And does the government agree that that's a correct statement of the law? We do. But we do not believe, then, that that requires a fine. I'm sorry. You do? Look, Your Honor, I'm not going to go away from this position. There are different circumstances. Well, I'm asking you for your position. I'm asking you for your position. Do you think Navarro-Lopez is wrong as applied to trials? I can't answer that in one way or another. If a jury is not asked to find that particular fact as an element, Navarro-Lopez says you can't use it as an enhancement in federal law. Well, I disagree with that. Does the government disagree with that? I disagree with that. Okay. Explain that. As I was saying earlier, there are other situations where even if a jury is not expressly asked to find a fact, it can be held to have necessarily found it. Like what? And that was the Martinez-Rodriguez example, where the date of removal. What's the example? I don't know the case. That is the one that says you cannot get into 1326, an enhanced statute, unless the date of removal is pled in the indictment, submitted to the jury, and proved beyond a reasonable doubt. And there were cases in the pipeline, a lot of them, especially from our district, where that didn't happen. And yet this Court still found that the sentence, enhanced sentence, was appropriate. Even if the jury wasn't expressly asked to find it, it wasn't a special verdict, they said, because based on the record, there was only one reasonable conclusion. That doesn't make a lot of sense, Judge. I mean, that's the example. You asked me for one, and that's all I. Just to follow on through. Judge Reimer gave an example of a situation in which the jury instructions might be more specific than this statute. But wouldn't it be true that if a jury instruction in California said that you had to find an unconsented entry, and he was found guilty, I'm trying to think, if he was found guilty to an unconsented entry, couldn't he appeal and say that that wasn't really an element and it shouldn't have gone to the jury that way? Well, I suppose he would. And then in that situation, you know, with that fact, we would see what happened in that appeal. But our whole point, because you know I don't know. Well, what happened in that appeal? I don't know. I would disagree that that was inappropriate. Could he make a reversal by saying on that point there was insufficient evidence? Could he go on appeal and say, you know, the jury did find this, but, you know, look at the record. There's no evidence that this was unconsented. And therefore, I get an acquittal. You could argue. You could say that about. Do we know what the CalGIC instructions are on burglary in California? Do we know that? Yeah. I mean, the model. What are the standard instructions for burglary? Enter a building. And then, you know, there's a little bracket depending on what exactly the structure is at the time with the intent to commit. I believe it's grand warrant. It doesn't have without consent right now. Is that correct? Because I looked it up before I came here. I'd like, I kind of wanted to just take a couple of minutes on another issue. Okay. If I have the permission to move. Is that all right? My understanding initially when you came in is that you thought that even if we didn't overrule Navarro-Lopez, that you should prevail. But then I heard you say after that you read Navarro-Lopez to say if it's a missing element, that we don't go to the modified categorical approach. Am I correct? Yeah. So that being said, for the government to prevail on this, we would have to overrule Navarro-Lopez and go to the modified categorical approach. Is that correct? I believe so, Your Honor. Well, initially you won, obviously, and Navarro-Lopez wasn't overruled. But then we have the second iteration of this, and now we have the en banc. So I'm going to accept that at this point. Assuming that we would have to overrule Navarro-Lopez to get to the modified categorical, what is the evidence and what is your best evidence in the record on documents that would be allowed here to show that this, under the modified categorical, that you should prevail? In this case. Yes, in this case. It would be the allegations of the unlawful entry, and I believe it's an excerpt of Record 25 in the indictment or the charging language. And granted, look, Your Honor, I know there are stronger records. I think an important point I want to leave here today, too, is if you adopt the defense's position, however you find on the facts of this case, if you adopt their position, you're closing the door forever to any further use of this particular statute. And there are cases with stronger records. One of them cited in our papers, United States v. Smith, where I believe it was an estranged husband. He said, I went back, the locks had changed. There was definite statements he made from which you can infer lack of consent. And the other one is United States v. Sandon, which also aired the procedural history in this case where the panel originally, before Navarro-Lopez, applied the modified approach. But the defendant admitted. So what? I understand what's so much stronger about those cases. The Supreme Court said it's not what you did, it's what you got convicted of. You could have been a very bad person. You could have had bad breath while doing it. You didn't get convicted of having bad breath. You couldn't be convicted of being unpleasant. What you get convicted is of a particular crime. So I don't understand what it is that's worse about the cases you describe than about this case. Well, it goes to the level of proof under Judge Cowley. No, no. Let's say you've got seven bishops. And let's say he admits it. He says, yes, I didn't have consent. You know, they changed the locks, and I went in, and I didn't have consent. So what? He didn't get convicted of that. What the Supreme Court says is you've got to have, it's not what you did, it's what you got convicted of. It's not what you actually have the proof. It's what the jury found. But it's also what the judicially noticeable facts show. She was asking me for the position, assuming the modified category. You mean Judge Callahan? Yes. Assuming the modified categorical approach applied. And so I want to talk about the implications of the different facts. May I interject here? My question was answered. Time is running, and I have not asked a question yet. Do the statutory rape cases help you, or to put it a different way, if the thrust of Judge Kaczynski's questions are to prevail, if Navarro Lopez and his view of Navarro Lopez is to prevail, do we need to overrule the statutory rape cases? I would leave that for another day. I think it's a different thing because it's a unitary element, and that's the one example aside from this divisibility analysis. Why don't we need to overrule them? That is to say, if it's irrelevant what the age of the child is with respect to the state conviction, but it would be relevant with respect to a federal generic statutory rape, well, I think then we have to say, well, listen, if it's irrelevant to the generic, the fact that what actually happened and what he pleads to in state court is irrelevant. But are you assuming a statute that it's overbroad because it has an age in it or it wouldn't? Yes. See, I would say no. You could still apply the modified approach to that, and it's no different than what the statute in front of the Supreme Court in Johnson v. United States, where it's a unitary element. In that case, it was the application of force. Because the state law allowed a least, you know, what is it called, a least offensive touch, they said it's overbroad, but they indicated that you could then prove, if you had judicially noticeable documents, that they beat them on the head with a bat or did something excessive. I know it sounds like it's different context, but it's sort of the same idea because there's only one element at issue, force, age of consent. My understanding, again, to go back to Johnson, is it says you could do that when the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, but not otherwise. That's what they said. Right. But sometimes some statutes are unitary. I'm saying if a statute requires force. Could I ask, as we were saying before, about what your position is with regard to the role in this case of the Confrontation Clause question at this juncture? I agree with what Judge Reimer said. They had a chance to file a petition for re-hearing on that. They didn't. I don't know the exact... Counsel, Counsel Judge Gould, isn't our law clear that once a case is in bank that we have to review all the issues, that we can review all the issues that were taken on appeal? Not just what's in a PFREB. And I'm sure that the three-judge panel here that I was on earlier reviewed this Confrontation Clause issue. So I don't see why we shouldn't have the duty to review. And furthermore, I thought the government, as to the certificate of nonexistence of record, I thought the government in a different case that I heard recently said that was error under Melendez-Diaz. And if that's true, don't you have to address harmless error? I would agree with that, Your Honor. And I think I was even present at that argument. It was somebody from another district in California. It is subject to a harmless error rule. I would echo what my opponent said. I didn't quite come to this court today prepared to talk about that. If supplemental briefing is appropriate, we'd be happy to entertain the court. But the last thing I'd like to say in closing, though, Your Honors, look, the impact here isn't just for the guidelines. It's for removability. It's for the 15-year mandatory minimum in ACCA. There's two ways to go here. You can go with the missing element rule. It completely shuts the door. You never get to look at anything. Somebody could do a home invasion robbery or burglary in California with sawed-off shotguns.  Under the missing element rule, none of that matters. How that advances the goals of uniformity in sentencing set out by Congress in 28 U.S.C. 991b12, which refers to avoiding disparities for defendants committed of the same crimes who have similar conduct and similar records, is beyond me. Our approach isn't going to open the sky to every available thing, but it at least allows in the appropriate case the implementation of congressional and sentencing commission intent. Thank you. Thank you. Mr. Hubachek, we'll give you – you had about half a minute left. Let's make it a minute. Well, why don't you step forward and let's see if anybody has any questions. We'll give you a minute to stand there. Thank you. You don't have to stand there for a full minute. It's still pretty hot. So you don't get too bored during the time you're standing there. Could you address the question about statutory rape? Your Honor, the question about statutory rape, there are a number of different statutes and they set out different age ranges. So there still will be a necessity to inquire further into those particular statutes to figure out where your ages are. Some of them go up to 14. But the Seventh Circuit just in the beginning of this year, in January of this year, did decline to apply a modified categorical approach to an offense where the issue was the age of the victim. So I think there are various problems that arise in the statutory rape question. One thing is that the federal statute, I think, says you have to be under 16 and some states say you have to be under 18. So there's a problem with what if they allege that the person is 14. For the state crime, she didn't have to be 14. She could have been 14, 15, 16, or 17. But it seems to me to be a different problem because her age being under 18 is an element and if they endeavor to prove it by proving she's 14, it seems harder to say that that's not in some sense an element. At least it's a different problem. Would you agree with that? Yes, Your Honor. And there are statutes, if I remember correctly, where you can – where the difference between the age of the defendant and the age of the victim makes a difference. And so the jury might be required to find age in order to calculate that difference. That's correct. And there are varying statutes with different age differences, too. Some are three, some are five. So, yes. So your answer to your question is maybe some. Yes. Because what's bothering me is that if we insist on a sort of a rigorous or expansive version of Navarro-Lopez, the charge is in state court that the, quote, victim was 14. The state statute says a statutory rape if she's under 18. He says she's 17 to his lawyer, but his lawyer says, well, that doesn't matter. I'm not going to talk about it. So they don't. So we get an indictment that says 14. We get a conviction of statutory rape under state law that requires only that she be under 18. And we have a federal statute that says 16. What do we do with that? I think that's pretty much what the seventh circuit confronted in McDonald and said you don't apply the second-stage analysis. So that's where we go with those cases? But those cases represent a wide range of age criteria. So there will be different analyses applied for different convictions. Okay. Are there no further questions? So if the perpetrator is 19 and the jury has to find at least a five-year difference, I don't know California law, but I know there are some where it matters for the degree of conviction if there is a certain age difference between the defendant and the victim. So in that case, you would have a different answer perhaps? Yes, Your Honor. Okay. Thank you, Your Honor. All right. Thank you. Case just argued. We can submit it. We adjourn. All rise.
judges: Hearing Panel: Thompson, Nelson T. G., Goulden Banc Panel: Kozinski, Rymer, Silverman, Fletcher W. , Gould, Berzon, Rawlinson, Bybee, Callahan, Smith M., Smith N. R.